**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
———————————————————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JASON GREER,

     Defendant - Appellant.

No. 16-1282

———————————————————

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. Nos. 1:16-CV-01111-LTB and 1:02-CR-00184-LTB-1)**
———————————————————

Josh Lee, Assistant Federal Public Defender (Virginia L. Grady, Federal Public Defender with him on the briefs), Denver, Colorado, for Defendant - Appellant.

Paul Farley (Robert C. Troyer, United States Attorney, and Robert Mark Russel, Assistant United States Attorney, on the briefs), Office of the United States Attorney, Denver, Colorado, for Plaintiff - Appellee.

———————————————————

Before **McHUGH**, **McKAY**, and **KELLY**, Circuit Judges.

———————————————————

**McHUGH**, Circuit Judge.

———————————————————

Jason Greer appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Mr. Greer contends that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015),

finding unconstitutional the residual clause of the Armed Career Criminal Act, also invalidates the identically worded provision in the mandatory United States Sentencing Guidelines. He argues that he is entitled to resentencing because the court relied on the residual clause of the mandatory Guidelines to enhance his sentence. The district court denied Mr. Greer's motion, holding that he was sentenced under the element clause of the mandatory Guidelines rather than the residual clause. Exercising jurisdiction under §§ 1291 and 2255(d), we affirm.

## I. BACKGROUND

Mr. Greer was convicted in 2002 of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). At sentencing, the court found that Mr. Greer had four previous Colorado convictions which qualified as crimes of violence: (1) escape; (2) third degree assault; (3) second degree burglary of a dwelling; and (4) second degree assault on a peace officer. Relying on these offenses, the district court concluded that Mr. Greer qualified as a career offender under § 4B1.1(a) of the United States Sentencing Guidelines ("Guidelines"). This provision requires substantially increased sentences for defendants who have "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "crime of violence" is a felony that

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force or element clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the enumerated offenses clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause].

2

*Id.* § 4B1.2(a).[1] On November 29, 2002, the court sentenced Mr. Greer to 188 months' imprisonment and five years of supervised release. *United States v. Greer*, 85 F. App'x 181, 181–82 (10th Cir. 2004) (*Greer I*) (unpublished). This court subsequently dismissed his direct appeal, and the district court denied his first 28 U.S.C. § 2255 motion. His judgment of conviction became final on August 5, 2005.

In 2015, the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2560, 2563. Subsequently, the Court held that *Johnson* was a substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Although the enumerated offenses clause and the element clause remained intact, defendants whose sentences were enhanced under the ACCA's residual clause were entitled to resentencing. *See Johnson*, 136 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony [the force/element clause].")

Within one year of the Supreme Court's decision in *Johnson*, Mr. Greer moved for authorization under 28 U.S.C. § 2255(h) to file a second habeas petition. Mr. Greer contended his sentence violated *Johnson* because the district court relied on the identically worded residual clause of the mandatory Guidelines to determine that his

---

[1]U.S.S.G. § 4B1.2 (a)(2)'s list of enumerated offenses was amended in 2016.

second degree assault on a peace officer constituted a crime of violence.[2] The district court denied Mr. Greer's motion without reaching his *Johnson* claims because it concluded Mr. Greer was convicted under the element clause, rather than the residual clause of the Guidelines. But it granted Mr. Greer a certificate of appealability, permitting him to appeal the district court's decision to this court.

While Mr. Greer's appeal was pending, the Supreme Court decided *Beckles v. United States*, 137 S. Ct. 886 (2017). In *Beckles*, the petitioner moved for § 2255 relief arguing that *Johnson*'s holding extended to the residual clause of the current Guidelines. *Id.* at 891. The Supreme Court rejected this argument, emphasizing that the *advisory* Guidelines were not subject to vagueness challenges because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 892. However, the Court "le[ft] open the question" whether defendants who were sentenced under the *mandatory* Guidelines—as Mr. Greer was—"may mount vagueness attacks on their sentences." *Id.* at 903 n.4 (Sotomayor, J., concurring in the judgment). Mr. Greer now asks this court to answer that question.

## II.    DISCUSSION

"On appeal from the denial of a § 2255 motion, ordinarily we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (internal quotation

---

[2] Mr. Greer did not challenge his previous conviction for second degree burglary of a dwelling, and the government concedes that his previous convictions for escape and third degree assault are not crimes of violence.

4

marks omitted). We are not bound by the district court's reasoning and may "affirm on any ground adequately supported by the record." *United States v. Damato*, 672 F.3d 832, 844 (10th Cir. 2012) (internal quotation marks omitted).

Before addressing the merits of Mr. Greer's claim, he must show that he can satisfy the procedural requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2255. The first of these barriers is timeliness.

Pursuant to AEDPA, post-conviction motions for habeas relief filed under § 2255 must be brought within one year of the date on which "the judgment of conviction becomes final" or "the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). A rule is newly recognized by the Supreme Court when it is "not *dictated* by precedent." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (internal quotation marks omitted). Rules are dictated by precedent when they are "apparent to all reasonable jurists." *Id.* (internal quotation marks omitted). Conversely, a rule is not new if it is "merely an application" of an existing right or principle. *Id.* at 348 (internal quotation marks omitted). Mr. Greer claims the government waived any timeliness defense by conceding he had "asserte[d] a claim based on *Johnson*," and that the government "knowingly failed to press" a timeliness argument in the district court. But review of the government's district court brief refutes the claim that this concession was intended to waive the timeliness issue. Rather than "deliberately steer[ing] the District Court away from the question [of

5

timeliness] and towards the merits" of the motion, *Wood v. Milyard*, 566 U.S. 463, 474 (2012), the government argued extensively that the motion was untimely because *Johnson* did not apply retroactively to Guidelines cases on collateral review. Indeed, immediately after characterizing Mr. Greer's claim as a *Johnson* claim, the government argued that, because "the 'right' initially recognized in *Johnson* has not been made retroactively applicable [to] collateral proceedings challenging the application of the sentencing guidelines[,] . . . § 2255(f)(3) does not apply." Therefore, the government continued, § 2255(f)(3) does not rescue Mr. Greer's claim because it relies on "the rule that the [G]uidelines residual clause is unconstitutional—a rule the Tenth Circuit (but not the Supreme Court) has recognized as an extension of *Johnson*."[3] This argument adequately preserved the government's argument and Mr. Greer's motion is untimely unless he can show that it is based on a right newly recognized and made retroactive on collateral review by the Supreme Court.

In an attempt to make this showing, Mr. Greer relies on our recent decision in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017), *petition for cert. filed* (U.S.

---

[3] The government's concession that Mr. Greer had asserted a *Johnson* claim— as well as its initial concession that *Johnson* invalidated the Guidelines residual clause—stemmed from binding precedent in this circuit that has since been overturned by the Supreme Court. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017). We are not bound to accept the government's concession on a point of law, *see Orloff v. Willoughby*, 345 U.S. 83, 87 (1953), or on the existence of constitutional error, *see United States v. Resendiz-Patino*, 420 F.3d 1177, 1182-83 (10th Cir. 2005). The government requests that we ignore its concession and, in light of the intervening change in the law caused by the Supreme Court's decision in *Beckles*, we do so.

Dec. 19, 2017) (No. 17-7157). He asserts that his petition is timely under *Snyder* because, although he was not sentenced under the ACCA, he has "asserted" a *Johnson* claim. Mr. Greer's interpretation of *Snyder* would require this court to find that, no matter what the underlying claim, any petitioner can avoid AEDPA's clear time limits simply by invoking a right newly recognized by the Supreme Court. Despite its broad language, *Snyder* is not so all encompassing.

In *Snyder*, the petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). As a result of two prior convictions and his current offense, Mr. Snyder was sentenced under the enhanced penalty provisions of the ACCA. *See* 18 U.S.C. § 924(e). Like the Guidelines, the ACCA enhances a defendant's sentence if he has three prior convictions for a "violent felony." *Id.* § 924(e)(1). A "violent felony" under the ACCA mirrors the definition of a "crime of violence" under the Guidelines. *Compare* 18 U.S.C. § 924(e)(2)(B), *with* U.S.S.G. § 4B1.2(a).

Although Mr. Snyder objected to the ACCA enhancement at sentencing, he did so on the ground that the fact of his prior convictions had not been alleged in the indictment or found by a jury. *Snyder*, 871 F.3d at 1125. The sentencing court rejected that argument and we affirmed on direct appeal. *See United States v. Snyder*, 158 F. App'x 942, 944 (10th Cir. 2005) (unpublished). Mr. Snyder did not raise at sentencing or on direct appeal any contention that his prior convictions did not qualify as "violent felonies" under the ACCA.

Ten years later, the Supreme Court issued *Johnson*, and within one year of the decision, Mr. Snyder filed a petition for collateral relief under 28 U.S.C. § 2255, claiming that his enhanced sentence under the ACCA was unconstitutional. *Snyder*, 871 F.3d at 1125. Mr. Snyder claimed that although his motion had been filed long after the one-year anniversary of his final conviction, it was timely because it was filed within one year of the Supreme Court's decision in *Johnson*. *See id.* at 1125–26. The district court rejected Mr. Snyder's reliance on *Johnson* because the record was silent on whether the sentencing court had imposed an enhanced ACCA sentence under the residual clause or the enumerated offenses clause.[4] *Id.* That is, because Mr. Snyder could not show that his sentence was based on the specific clause of the ACCA held unconstitutional in *Johnson*, the district court dismissed the motion as untimely. *Id.*

On appeal, we held the motion was timely, but affirmed dismissal on the merits. *Id.* at 1126. With respect to timeliness, the majority in *Snyder* held that "in order to be timely under § 2255(f)(3), a § 2255 motion need only 'invoke' the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim." *Id.* Thus, the majority held that Mr. Snyder's motion was timely because he had alleged that his "ACCA sentence is no longer valid under *Johnson*." *Id.* (internal quotation marks omitted). This is the critical difference between Mr. Snyder and Mr. Greer.

---

[4] Mr. Snyder argued that two of his prior convictions no longer qualified as crimes of violence. *United States v. Snyder*, 871 F.3d 1122, 1125 (10th Cir. 2017), *petition for cert. filed* (U.S. Dec. 19, 2017) (17-7157).

Mr. Snyder's claim raised a factual question about which clause of the ACCA the sentencing court relied on in enhancing his sentence. If that fact were resolved in his favor, he would have an unquestionable and newly-recognized right to the relief requested. Thus the question in Mr. Snyder's case was not whether the residual clause of the ACCA constitutionally authorized his sentence, but whether he was sentenced under that residual clause. And a finding that Mr. Snyder was sentenced under the residual clause of the ACCA *required* that he be resentenced because there is no question that the right not to be sentenced under the residual clause of the ACCA is a newly recognized right made retroactive on collateral review by the Supreme Court in *Johnson*. The same is not true of Mr. Greer. A factual finding that Mr. Greer was sentenced under the residual clause of the mandatory Guidelines does not end our inquiry but raises a new one. Such a finding would then require this court to address the constitutionality of the residual clause of the mandatory Guidelines in the first instance on collateral review. And even assuming Mr. Greer presents a compelling argument for finding the clause unconstitutional, such a task exceeds the authority of this court under AEDPA.

Only the Supreme Court can recognize a new constitutional right. *See Dodd v. United States*, 545 U.S. 353, 357–59 (2005). While circuit courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review under AEDPA is more limited. AEDPA limits federal habeas relief to new constitutional rights recognized by the *Supreme Court*. *See id.* For AEDPA purposes:

9

[A] Supreme Court case has "recognized" an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way. *Cf. Williams v. Taylor*, 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (interpreting the phrase "clearly established Federal law, as determined by the Supreme Court" within another provision of AEDPA to mean "the holdings, as opposed to the dicta" of Supreme Court precedent). Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not "recognized" that right. *Cf. Tyler v. Cain*, 533 U.S. 656, 662–64, 121 S. Ct. 2478, 150 L. Ed. 2d 632 (2001) (interpreting the word "made" within another provision of AEDPA—"made retroactive to cases on collateral review by the Supreme Court"—to mean "held").

*United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017).

Under this framework, Mr. Greer has not asserted a right recognized by the Supreme Court because Mr. Greer has not asserted that his "ACCA sentence" is no longer valid under *Johnson.* Indeed, he could make no such claim because Mr. Greer was not sentenced under the ACCA. The right that Mr. Greer "asserts" is a right not to be sentenced under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines. The Supreme Court has recognized no such right. And nothing in *Johnson* speaks to the issue.[5] Thus, Mr. Greer has not asserted a right recognized in *Johnson*, even under the broad approach adopted in *Snyder*.

---

[5] Despite Mr. Greer's assertion that *Johnson* inescapably dictates a finding that similarly worded mandatory sentencing increases are unconstitutional, language in *Johnson* and *Welch* can be read to imply that *Johnson* was not intended to extend outside the scope of the ACCA. *See Welch v. United States*, 136 S. Ct. 1257, 1262 (2016) (stating that *Johnson* "cast[s] no doubt on the many laws" using similar language but requiring an evaluation of the particular facts of the case); *Johnson v. United States*, 135 S. Ct. 2551, 2561 (2015) (rejecting the government's argument that its holding "place[s] . . . in constitutional doubt" textually similar statutes).

We recently faced a similar situation in *Davis v. McCollum*, 798 F.3d 1317 (10th Cir. 2015), and reiterated that habeas petitions are only timely if the right asserted is a right newly recognized by the Supreme Court. There, Mr. Davis was convicted of first-degree murder in Oklahoma following a botched robbery attempt and was sentenced to life without the possibility of parole. He was sixteen at the time of the crime. In 2014, Mr. Davis filed a § 2254 habeas petition alleging, among other things, that the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 465 (2012), which invalidated mandatory life sentences for juveniles, rendered his sentence unconstitutional. *Davis*, 798 F.3d at 1319. We denied Mr. Davis a COA on this claim because "*Miller* said nothing about non-mandatory life-without-parole sentencing schemes." *Id.* at 1321. As a result, we held it could not provide relief from sentencing schemes like Oklahoma's, which afforded the sentencing authority discretion to sentence a juvenile to life without the possibility of parole. *Id.*

Significantly, we rejected Mr. Davis's argument that "*Miller*'s logic reaches beyond invalidating mandatory life-without-parole sentencing schemes for juveniles" because it "also established more stringent prerequisites to imposing life without the possibility of parole on juvenile offenders, even in non-mandatory schemes." *Id.* We noted that only the portions of Mr. Davis's claim which were "asserting the new right recognized by the [Supreme] Court in *Miller*" were even potentially timely. *Id.*

> That right is narrowly drawn: it protects juveniles who commit crimes from the mandatory imposition of life without possibility of parole. *See Miller*, [567 U.S. at 465]. *Miller* did not purport to alter the law governing statutory schemes giving the sentencing authority a choice between imposing life with or without possibility of parole on juvenile

11

offenders. In short, while *Miller* certainly reiterated the relevance of youth at sentencing as a general matter, [Mr.] Davis's argument at best relies on an extension of *Miller*'s logic.

*Id.* at 1321–22. We concluded that, "because this version of [Mr.] Davis's argument does not assert the new right actually recognized in *Miller*," it was untimely. *Id.* at 1322.

The same is true here. Recall that in *Snyder*, the majority held a petitioner serving a sentence enhanced under the ACCA could assert a timely *Johnson* claim where the record is silent as to which clause of the ACCA the sentencing court relied upon in imposing the enhanced sentence. 871 F.3d at 1125–26. But once the majority examined the relevant legal background environment, it concluded that as a matter of historical fact, the sentencing court had relied on the enumerated offenses clause, rather than the residual clause, in sentencing Mr. Snyder as an armed career criminal. *Id.* at 1128. And upon reaching that conclusion, the *Snyder* majority rejected Mr. Snyder's claim as not a true *Johnson* claim. *Id.* at 1130.

Here, it is apparent that Mr. Greer has not raised a true *Johnson* claim because he was not sentenced under any clause of the ACCA. Instead, as in *Davis*, Mr. Greer is attempting to apply the *reasoning* of *Johnson* in a different context not considered by the Court. For the same reasons we explained in *Davis*, such relief is not available on collateral review.[6] To entertain such an argument would undermine Congress's

---

[6] Additionally, like in *Davis*, Mr. Greer's case deals with a question of law—whether the right asserted by the defendant is the right newly recognized by the Supreme Court. In contrast, Mr. Snyder's case dealt with a question of fact—whether

12

intent in passing AEDPA and the "interests of comity and finality" underlying federal habeas review. *See Teague v. Lane*, 489 U.S. 288, 308 (1989).

In summary, the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA. The Court did not consider in *Johnson*, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail. And it is not for this court acting on collateral review to do so. Indeed, the federal circuits that have considered the issue have unanimously held untimely any challenge raised to the mandatory Guidelines beyond one year after conviction, despite an invocation of *Johnson*. *See Brown*, 868 F.3d at 303 (holding that challenge to the mandatory Guidelines is untimely and does not assert a right recognized in *Johnson*); *Raybon v. United States*, 867 F.3d 625, 630–31 (6th Cir. 2017) (holding that because the constitutionality of the mandatory Guidelines is "an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review'"); *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (concluding that defendant's successive petition did not assert a right recognized in *Johnson*); *see also In re Arnick*, 826 F.3d 787, 788 (5th Cir. 2016) (per curiam) (denying authorization to file a successive § 2255 motion relying on a *Johnson* based challenge to the Guidelines because "*Johnson* did not address Section 4B1.2(a)(2) of the

---

the defendant could show his sentence was authorized or mandated by the ACCA's residual clause and was thus entitled to relief under the newly recognized right.

13

Guidelines").[7] We agree with the well-reasoned decisions of our sister circuits and therefore hold that Mr. Greer's motion is untimely.

## III.   CONCLUSION

We AFFIRM the dismissal of Mr. Greer's § 2255 motion to vacate his sentence.

---

[7] Although the First and Third Circuits have not yet directly addressed whether *Johnson* can support a challenge to the mandatory Guidelines on collateral review, both have granted a defendant authorization to file a successive § 2255 petition on the issue. *See Moore v. United States*, 871 F.3d 72 (1st Cir. 2017); *In re Hoffner*, 870 F.3d 301 (3d Cir. 2017). In *Moore*, the First Circuit held that "for the purposes of deciding [the defendant's] application for leave to file a successive § 2255 motion, we are not sufficiently convinced" the challenge is untimely and "the district court [must] decide in the first instance . . . whether the [mandatory] [G]uidelines fixed [the defendant's] sentencing range in the relevant sense that the ACCA fixed sentences." 871 F.3d at 84. Similarly, in authorizing Mr. Hoffner's successive habeas petition, the Third Circuit held that, for authorization purposes, it was limited to determining whether the claim relied on a newly asserted right, leaving it to the district court to evaluate on the merits "whether the invoked new rule should ultimately be extended in the way that the [defendant] proposes or whether his reliance is misplaced." *Hoffner*, 870 F.3d at 308–09 (internal quotation marks omitted).