**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON EDWARD RIFORGIATE, a/k/a
Robert Edward Riforgiate,

    Defendant - Appellant.

No. 17-1135
(D.C. Nos. 1:16-CV-01505-WYD and
1:08-CR-00425-WYD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

    Defendant Jason Riforgiate pleaded guilty in 2009 to four counts of armed bank robbery, *see* 18 U.S.C. § 2113, and one count of brandishing a firearm during a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A)(ii). The armed-bank-robbery convictions served as the predicate crimes of violence for the § 924(c) conviction. Defendant was sentenced to 97-month concurrent terms on the robbery counts and a consecutive term of 84 months on the § 924(c) count. After the Supreme Court in *Johnson v. United States*, 135 S. Ct.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2551 (2015), held that the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague, Defendant filed a motion under 28 U.S.C. § 2255 seeking to set aside his § 924(c) conviction on the ground that § 924(c)(3)(B) is likewise too vague. The district court held that the motion was untimely and lacked merit. Defendant has been granted a certificate of appealability to enable him to appeal that ruling. *See* 28 U.S.C. § 2253(c)(1)(B). We now affirm the district court on the ground of untimeliness.

Ordinarily, a § 2255 motion must be filed within a year of when the judgment on the criminal conviction became final. *See* 28 U.S.C. § 2255(f)(1). That deadline has long passed. Defendant, however, relies on § 2255(f)(3), which permits a motion to be filed within a year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* is retroactively applicable. Defendant argues that *Welch* makes his § 2255 motion timely.

Defendant's argument fails in this circuit. In *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018), we held that a defendant relying on *Johnson* can proceed under § 2255(f)(3) only if the defendant is challenging the residual clause of the ACCA on vagueness grounds. *See id.* at 1244–49. Since Defendant was not sentenced under the ACCA, he cannot invoke § 2255(f)(3) and his motion is untimely.

We **AFFIRM** the district court's dismissal of Defendant's § 2255 motion.

Entered for the Court


Harris L Hartz
Circuit Judge