**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 13, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

ROMAN SANTISTEVAN,

    Defendant - Appellant.

No. 17-1132
(D.C. Nos.1:16-CV-01685-REB &
1:07-CR-00435-REB-2)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

Proceeding pro se, federal prisoner Roman Santistevan requests a certificate of appealability (COA) to challenge the district court's order denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because Santistevan has failed to satisfy the standard for issuance of a COA, we deny his request and dismiss this matter.

I.

Santistevan pled guilty to three counts of Hobbs Act robbery (and aiding and abetting the same) in violation of 18 U.S.C. §§ 2 and 1951 and one count of using and carrying a firearm during and in relation to a crime of violence (and aiding and abetting

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the same) in violation of 18 U.S.C. §§ 2 and 924(c). He received an enhanced sentence under § 924(c), for a total of 171 months. His convictions became final in 2011. In 2016, he filed a § 2255 motion, citing *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court struck down the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557; *see also Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (holding that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review"). Santistevan argued that his conviction was void because *Johnson* necessarily invalidated the similarly worded residual clause in § 924(c)(3)(B), which was applied to him.

The district court denied the motion. First, it held that Hobbs Act robbery remains a crime of violence under the "force" or "elements" clause of § 924(c)(3)(A) even if the residual clause in § 924(c)(3)(B) is unconstitutional under *Johnson*. Second, it held that the motion was untimely under § 2255(f)(3) because Santistevan is not asserting the right newly recognized in *Johnson* and thus is not entitled to an expanded limitations period. In reaching the latter conclusion, the district court outlined a number of key differences between the language and context of § 924(c)(3)(B) and § 924(e)(2)(B)(ii). Santistevan seeks a COA to challenge the district court's denial of his § 2255 motion.

## II.

To obtain a COA, Santistevan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

2

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Where a district court denies a petition on procedural grounds—such as untimeliness—the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We liberally construe Santistevan's pro se filings. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, we find nothing to justify the issuance of a COA.

Santistevan identifies two issues for review. The first issue is whether a conviction for Hobbs Act robbery is a "crime of violence" within the meaning of § 924(c)(3). Santistevan contends that Hobbs Act robbery does not satisfy the "force" or "elements" clause of § 924(c)(3)(A) so his predicate offenses had to fall under the residual clause in § 924(c)(3)(B); he then argues that the residual clause is unconstitutionally vague. The second issue is whether his claim that Hobbs Act robbery is not a crime of violence under § 924(c)(3) was timely filed under § 2255(f)(3). Our analysis starts and ends with the timeliness question.

Santistevan asserts that the district court erred in finding his motion to be time-barred. Section 2255(f) establishes a one-year limitations period that runs from the latest of several triggering events, one of which is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review,"

3

§ 2255(f)(3). Santistevan pinpoints "the *Johnson* decision" as "the triggering event under

28 U.S.C. § 2255(f)(3) that enabled this 2255 *Motion*." Br. and Appl. for COA at 4; *see

also id.* ("Until *Johnson* was decided, Santistevan was unable to seek relief, because even

if the *Hobbs Act* robbery could be shown not to fall under the Physical Force Clause of

§ 924(c)(3)(A), it unquestionably was a crime of violence under the Residual Clause of

§ 924(c)(3)(B).").

But *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018), presents an

insurmountable obstacle here. Citing *Johnson*, the prisoner in *Greer* moved for

authorization to file a successive habeas petition to challenge his sentence under the

residual clause of § 4B1.2(a)(2) of the mandatory Sentencing Guidelines. *Id.* at 1244.

In affirming the district court's denial of the motion, we explained that "[w]hile circuit

courts can apply the *reasoning* of *Johnson* to support a finding that the residual clause of

similarly worded statutes are unconstitutionally vague on direct appeal, our review under

AEDPA is more limited." *Id.* at 1247. We then stated that "the only right recognized by

the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased

under the residual clause of the ACCA." *Id.* at 1248. Thus, a movant cannot "raise[] a

true *Johnson* claim" if "he was not sentenced under any clause of the ACCA." *Id.*

We have since applied *Greer* in varying contexts to support a determination that

an initial § 2255 motion invoking *Johnson* was not timely under § 2255(f)(3) when the

underlying statute of conviction was § 924(c), not the ACCA. In *United States v.

Salvador*, ___ F. App'x ___, No. 17-1081, 2018 WL 1001264, at *2 (10th Cir. Feb. 21,

2018), we denied a COA to a prisoner who was not sentenced under the ACCA but

4

nevertheless argued that his motion was timely because it was filed within a year of

*Johnson*:

> *Greer* makes clear that the only right recognized by the Supreme Court in *Johnson* was a defendant's right not to have his sentence increased *under the residual clause of the ACCA*. That is, a defendant cannot invoke *Johnson* to proceed under § 2255(f)(3) unless the defendant is challenging on vagueness grounds the ACCA's residual clause. This principle is controlling, even if we assume *arguendo* that there is no meaningful distinction between the ACCA's residual clause and the risk of force [residual] clause in § 924(c)(3)(B). In light of *Greer*, no reasonable jurist could debate the propriety of the district court's determination that [the § 2255] motion was untimely because *Johnson* did not recognize the right that [the movant] asserts in his § 2255 motion.

*Id.* at *2 (internal citations and quotation marks omitted). Then in *United States v. Wing*,

___ F. App'x ___, No. 17-1007, 2018 WL 1616856, at *3 (10th Cir. Apr. 4, 2018), we

reiterated that "*Johnson* did not recognize a new right relative to § 924(c)(3)(B)" and

affirmed the district court's denial of relief. *See also United States v. Mulay*,

___ F. App'x ___, No. 17-3031, 2018 WL 985741, at *1 (10th Cir. Feb. 20, 2018)

(applying *Greer* to hold that a § 2255 motion to challenge a sentence under the residual

clause in the Sentencing Guidelines was untimely because the right asserted was "broader

than the one recognized in *Johnson*"). Although these decisions are unpublished, we find

them to be persuasive.

No reasonable jurist would find it debatable that Santistevan's § 2255 motion was

untimely in light of *Greer* and the decisions in its wake.

5

III.

We deny Santistevan's request for a COA and dismiss this matter.

Entered for the Court


Monroe G. McKay
Circuit Judge