**UNITED STATES COURT OF APPEALS**

**TENET CIRCUIT**

UNITED STATES OF AMERICA*,*

    Plaintiff - Appellee,

v.

THOMAS W. HARRIS,

    Defendant - Appellant.

No. 17-3139
(D.C. Nos. 5:16-CV-04095-SAC and
5:96-CR-40082-SAC-1)
(D. Kan.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **PHILLIPS**, **MCKAY**, and **O'BRIEN**, Circuit Judges.

---

Between September 9 and October 21, 1996, Thomas W. Harris and his cohort, Derrick Johnson, committed seven robberies—three in the District of Kansas and four in the Western District of Missouri. During the robberies, Harris was armed with a .357 caliber revolver. For this conduct, he was indicted in the District of Kansas with three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a), (b)(1) (Counts 1, 3, and 5) and three counts of use and carry of a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c) (Counts 2, 4, and 6).

Relevant here, § 924(c) defines "crime of violence" as any felony offense having "as an element the use, attempted use, or threatened use of physical force against the

person or property of another" (elements clause). 18 U.S.C. § 924(c)(3)(A). The "crime[s] of violence" referred to in the § 924(c) counts (Counts 2, 4, and 8) were the Hobbs Act robberies charged in Counts 1, 5, and 7, respectively. The Hobbs Act robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits one from "obstruct[ing], delay[ing] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." 18 U.S.C. § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1).

Harris pled guilty to Counts 1-5. In exchange for his guilty plea, the government agreed to dismiss Count 6 and to not file charges in the Western District of Missouri for the four robberies committed there. The district judge sentenced Harris to a total term of 360 months imprisonment. We affirmed on direct appeal. *See United States v. Harris*, 185 F.3d 875 (10th Cir. 1999) (unpublished).

Harris filed a 28 U.S.C. § 2255 motion arguing his Hobbs Act robbery convictions were not "crime[s] of violence" under § 924(c)(3)'s elements clause.[1] The district judge

_____

[1] Harris's § 2255 motion is untimely. He had one year from the date his convictions became final in September 1999 to file his § 2255 motion. *See* 28 U.S.C. § 2255(f)(1). He did not file it until June 13, 2016, almost 16 years too late. He tries to rely on 28 U.S.C. § 2255(f)(3), which starts the one year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." But that statute does not help him. In addition to arguing Hobbs Act robbery does not satisfy § 924(c)(3)'s elements clause, his § 2255 motion invoked *Johnson v. United States (Johnson II)*, ⸺ U.S. ⸺, 135 S. Ct. 2551 (2015),

saw it differently.  He also denied a certificate of appealability (COA) so Harris renews his request with this Court.  We restrict our analysis to the arguments he raises in his COA application.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  To obtain one, Harris must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  He has not met his burden.

In *United States v. Melgar-Cabrera*, we decided Hobbs Act robbery is

---

claiming § 924(c)(3)'s residual clause, like its counterpart in the Armed Career Criminal Act (ACCA), was unconstitutionally vague.  But "the only right recognized by the Supreme Court in *Johnson* [*II*] was a defendant's right not to have his sentence increased under the residual clause of the ACCA."  *See United States v. Greer*, 881 F.3d 1241, 1248 (10th Cir. 2018).  Harris was not sentenced under the ACCA but under § 924(c).  *Id*. (concluding Greer's § 2255 motion invoking *Johnson II* was not timely under § 2255(f)(3) because he was not sentenced under the ACCA but rather the mandatory sentencing guidelines); *see also United States v. Santistevan*, 730 F. App'x 691, 693-94 (10th Cir. 2018) (unpublished) (concluding § 2255 motion invoking *Johnson II* was not timely under § 2255(f)(3) where defendant was convicted and sentenced under § 924(c)); *United States v. Wing*, 730 F. App'x 592, 595–97 (10th Cir. 2018) (unpublished) (same); *United States v. Salvador*, 724 F. App'x 670, 672-73 (10th Cir. 2018) (unpublished) (same).  Nevertheless, because the government did not raise the timeliness issue and the judge did not resolve the case on that basis, we proceed to the merits of this putative appeal.  *See Wood v. Milyard*, 566 U.S. 463, 473 (2012) ("[C]ourts of appeals, like district courts, have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative.").

categorically a "crime of violence" under § 924(c)(3)'s elements clause. 892 F.3d 1053, 1060-66 (10th Cir. 2018); *see also United States v. Jefferson*, 911 F.3d 1290, 1296-99 (10th Cir. 2018). Harris concedes *Melgar-Cabrera* precludes relief but suggests the Supreme Court's grant of certiorari review in *Stokeling v. United States*, 138 S. Ct. 1438, 86 U.S.L.W. 3492 (Apr. 2, 2018) (No. 17-5554), renders *Melgar-Cabrera* debatable and provides encouragement for his arguments to proceed further. It does not. The Supreme Court recently decided *Stokeling* but not in Harris's favor. *See Stokeling v. United States*, --- S. Ct. ----, 2019 WL 189343 (Jan. 15, 2019).

The Court concluded Florida's robbery statute, which requires the use of force sufficient to overcome the victim's resistance, satisfies the ACCA's elements clause. *Id*. at *2. In doing so, it decided the term "physical force" in that clause "encompasses the degree of force necessary to commit common-law robbery." *Id*. at *9. It also reaffirmed that "physical force" in the ACCA's elements clause means "force capable of causing physical pain or injury," and includes "force as small as 'hitting, slapping, shoving, grabbing, pinching, biting, and hair pulling'" because "'all of them are capable of causing physical pain or injury.'" *Id*. at *8 (quoting *Johnson v. United States* (*Johnson I*), 559 U.S. 133, 140 (2010), and *United States v. Castleman*, 572 U.S. 157, 174, 182 (2014) (Scalia, J., concurring)). It declined to require "severe," "extreme," "furious" or "vehement" force or "any particular degree of likelihood or probability that the force used will cause physical pain or injury; only potentiality." *Id*. at *7-8. (quotation marks omitted).

*Stokeling* did not overrule or call into doubt *Melgar-Cabrera*; rather, it supports it.

- 4 -

*See Stokeling*, 2019 WL 189343, at \*9 (concluding "physical force" in the elements clause "encompasses the degree of force necessary to commit *common-law robbery*" (emphasis added)); *Melgar-Cabrera*, 892 F.3d at 1064 (defining Hobbs Act robbery as "*common-law robbery* that affects interstate commerce" (emphasis added)).  Nor have we revisited *Melgar-Cabrera* in an en banc decision.  As a result, it remains the law of this Circuit.  *See United States v. Springer*, 875 F.3d 968, 975 (10th Cir. 2017) (under the "principles of horizontal stare decisis," we are bound by published opinions of prior panels "absent en banc reconsideration or a superseding contrary decision by the Supreme Court" (quotation marks omitted)).

Because the judge's decision that Hobbs Act robbery is categorically a "crime of violence" under § 924(c)(3)'s elements clause is not reasonably debatable, we **DENY** a COA and **DISMISS** this putative appeal.


**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge