**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES D. BRIGMAN,

    Defendant - Appellant.

No. 17-3176
(D.C. Nos. 2:16-CV-02396-JWL
and 2:03-CR-20090-JWL-1)
(D. Kansas)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.

_____

Petitioner James Brigman seeks a certificate of appealability ("COA") to

challenge the district court's dismissal of his 28 U.S.C. § 2255 motion challenging

his sentence imposed at a time when the United States Sentencing Guidelines

(Sentencing Guidelines) were mandatory. The district court dismissed Mr. Brigman's

petition as untimely under 28 U.S.C. § 2255(f)(3)'s one-year limitations period. We

deny Mr. Brigman's COA request and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit
Rule 32.1.

## I. BACKGROUND

In June 2004, a jury convicted Mr. Brigman of making false statements on a firearms registration form in violation of 18 U.S.C. § 922(a)(6). The Presentence Investigation Report ("PSR") set Mr. Brigman's base offense level at 24 under the Sentencing Guidelines, USSG § 2K2.1(a)(2), because of his two prior convictions for crimes of violence. Based on the offense level of 24 and a criminal history category of VI, the PSR set a sentencing range between 100 and 120 months' imprisonment. Mr. Brigman did not object to the PSR. At sentencing, the district court imposed the statutory maximum 120-month term of imprisonment to be followed by a three-year term of supervised release. Mr. Brigman appealed his conviction, and we affirmed. *United States v. Brigman*, 143 F. App'x 931 (10th Cir. 2005) (unpublished).

In 2015, the Supreme Court invalidated a portion of the Armed Career Criminal Act ("ACCA") known as the residual clause as unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The residual clause of the ACCA is identical in wording to the residual clause contained in USSG § 4B1.2 when Mr. Brigman was sentenced. *Compare* 18 U.S.C. § 924(e)(2)(B)(ii) (ACCA residual clause), *with* USSG § 4B1.2(a)(2) (2004) (amended 2016) (Sentencing Guidelines residual clause). Within a year of the Supreme Court's decision in *Johnson*, Mr. Brigman filed a motion to vacate his sentence under 28 U.S.C. § 2255. He argued that his 2001 Kansas conviction for "attempted aggravated battery" could qualify as a crime of violence only under § 4B1.2's residual clause, which he asserted was unconstitutional under *Johnson*. The government argued that *Johnson* could not be

retroactively applied to the mandatory Sentencing Guidelines and so Mr. Brigman's challenge to his sentence was untimely. The district court determined the new rule in *Johnson* does not apply to the mandatory guidelines and accordingly dismissed Mr. Brigman's § 2255 motion as untimely under § 2255(f)(3). The district court also declined to grant him a COA. Mr. Brigman now seeks a COA from this court.

## II.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") conditions a federal prisoner's right to appeal a denial of a § 2255 motion on the grant of a COA, which we may issue only if the applicant demonstrates a "substantial showing of the denial of a constitutional right." 28 U.S.C. §§ 2253(c)(1)(A), (c)(2). Where, as here, the district court denies the motion on procedural grounds, we issue a COA only when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Mr. Brigman cannot make this showing, and we therefore deny his request.

### A. *Mootness*

Before we address Mr. Brigman's COA request, we consider whether we lack jurisdiction because the issue raised is moot. After Mr. Brigman filed his appeal, we abated the appeal pending a decision in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018). While the appeal was abated, Mr. Brigman escaped from a residential

3

reentry center on January 13, 2018, nine days before he was set to be released.[1] He was recaptured on April 7, 2018, and has pleaded guilty to escaping from custody in violation of 18 U.S.C. § 751. Although Mr. Brigman has now fully served his original term of incarceration,[2] on January 8, 2019, the district court sentenced him to 29 months' imprisonment, followed by three years of supervised release, for this subsequent offense.

Mr. Brigman's original sentence also includes a three-year term of supervised release with both standard and special conditions. Thus, although Mr. Brigman has completed his original prison sentence, "we conclude that his sentencing appeal is not moot because Mr. [Brigman]'s unexpired term of supervised release potentially could be reduced if we were to render a favorable ruling to him." *United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008); *see also United States v.*

---

[1] After Mr. Brigman's escape and before his eventual recapture, no party alerted the court to this significant event, despite the fact that Mr. Brigman's counsel provided at least two more monthly status updates while the appeal was abated. "[F]ailure to inform the court of this significant development is inexplicable and inexcusable. It is the parties, not the court, who are positioned to remain abreast of external factors that may impact their case." *Havens v. Colo. Dep't of Corr.*, 897 F.3d 1250, 1257 n.6 (10th Cir. 2018) (internal quotation marks omitted).

[2] Under the Bureau of Prison's Sentence Computation Manual, Mr. Brigman's original sentence resumed immediately upon federal apprehension and he has been in custody for over nine days. But the January 22, 2018, release date is based on good-time credit—without good-time credit, Mr. Brigman would complete his original sentence on March 18, 2019. We need not definitively opine on whether the Bureau of Prisons can revoke Mr. Brigman's good-time credits and require him to continue to serve his sentence until his original release date because, regardless of whether his term of incarceration has completed, the appeal is not moot based on the term of supervised release, as discussed below.

*Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) ("[U]nder ordinary circumstances, a defendant who has served his term of imprisonment but is still serving a term of supervised release may challenge his sentence if his unexpired term of supervised release could be reduced or eliminated by a favorable appellate ruling."). And although Mr. Brigman received a similar term of supervised release for escaping from the reentry center and the two terms of supervised release will run concurrently under 18 U.S.C. § 3624(e), Mr. Brigman could be punished with consecutive sentences for a violation of *each* term of supervised release. *See United States v. Morris*, 313 F. App'x 125, 134–36 (10th Cir. 2009) (unpublished) (rejecting argument that district court could not order consecutive sentences for violations of concurrent terms of supervised release). Accordingly, his appeal is not moot. As we now discuss, however, it is untimely.

### B. *Mr. Brigman's Timeliness*

Mr. Brigman concedes that "as long as *Greer* remains good law, [his] § 2255 motion is admittedly untimely." Appellant's Br. for a COA at 16. We recently reaffirmed our holding in *Greer* that the rule in *Johnson* does not apply to challenges to the residual clause in the mandatory guidelines. *See United States v. Pullen*, _ F.3d _, 2019 WL 348642, at *10 n.17 (10th Cir. Jan. 29, 2019). Mr. Brigman thus cannot rely on *Johnson* and his § 2255 motion is untimely.

Because Mr. Brigman's § 2255 motion was clearly time-barred, no reasonable jurist could conclude the district court erred in its procedural ruling. We thus deny Mr. Brigman's request for a COA.

### III.    CONCLUSION

We **DENY** Mr. Brigman's request for a COA and **DISMISS** this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge