FILED
United States Court of Appeals
Tenth Circuit

July 3, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JASON THOMAS ENCINIAS,

    Defendant - Appellant.

No. 17-8070
(D.C. Nos. 1:16-CV-00100-NDF &
2:01-CR-00099-WFD-2)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Jason Encinias appeals the district court's dismissal of his 28 U.S.C. § 2255

motion as untimely.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

Encinias was sentenced to 360 months' imprisonment as a career offender

under the Guidelines' residual clause at a time when the Guidelines were mandatory.

More than ten years after his conviction became final, he brought a § 2255 motion

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

challenging his enhanced sentence under Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court held that the Armed Career Criminal Act's residual clause is unconstitutionally vague. Id. at 2557, 2563. Encinias argued that because he received an increased sentenced under the mandatory Guidelines' similarly worded residual clause, his sentence is unconstitutional under Johnson.

The district court rejected Encinias' argument that his motion was timely under § 2255(f)(3), which provides that a one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." It determined Johnson did not create a newly recognized right made retroactively applicable to cases brought on collateral review relating to the constitutional vagueness of the mandatory Guidelines. However, it granted a Certificate of Appealability. Encinias timely appealed.

**II**

We are bound by our decision in United States v. Greer, 881 F.3d 1241, 1243 (10th Cir. 2018), cert. denied, 139 S. Ct. 374 (U.S. Oct. 15, 2018). In that case, Greer brought an identical claim: he sought to rely on Johnson to challenge his career-offender sentence imposed under the mandatory Guidelines' residual clause. We explained that "[t]he Court did not consider in Johnson, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail." Greer, 881 F.3d at 1248. Because we concluded that Johnson did not recognize a new right applicable to a

2

sentence imposed under the mandatory Guidelines, we determined the movant's § 2255 motion was untimely. Id. at 1248-49.

In his opening brief, Encinias acknowledges that his appeal is foreclosed by Greer, and indicates he is filing his brief "solely for the purpose of preserving for en banc and/or Supreme Court review his argument that Greer was wrongly decided."[1] This concession that Greer forecloses his appeal provides a sufficient basis to affirm the district court's decision. We also note our recent decision in United States v. Pullen, 913 F.3d 1270 (10th Cir. 2019), in which this court reiterated that "Johnson did not create a new rule of constitutional law applicable to the mandatory Guidelines." Id. at 1284.

### III

We **AFFIRM** the district court's dismissal of Encinias' § 2255 motion as untimely.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] The Supreme Court denied the petition for a writ of certiorari filed in Greer after Encinias filed his opening brief.