FILED
United States Court of Appeals
Tenth Circuit

July 16, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SEFERINO MARTINEZ,

    Defendant - Appellant.

No. 18-2113
(D.C. Nos. 1:16-CV-00617-WJ-SCY &
1:96-CR-00186-WJ-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

Seferino Martinez seeks a certificate of appealability (COA) to appeal the district

court's denial of his 28 U.S.C. § 2255 motion as untimely.  *See id.* § 2253(c)(1)(B).  We

deny a COA and dismiss this matter.

## I. BACKGROUND

In 1996, Mr. Martinez was sentenced to 327 months in prison as a career offender

when the United States Sentencing Guidelines were mandatory.  Nearly 20 years later,

Mr. Martinez filed a § 2255 motion under *Johnson v. United States*, 135 S. Ct. 2551

(2015), which held that the Armed Career Criminal Act's residual clause was

---

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unconstitutionally vague. *See id.* at 2557, 2563. He argued that because he received an enhanced sentence under the mandatory Guidelines' similarly worded residual clause, his sentence is unconstitutional under *Johnson*.

The district court denied the motion as untimely under § 2255(f)(3). That provision imposes a one-year limitations period for filing a § 2255 motion from "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review." *Id.* The district court determined that *Johnson* did not recognize a right made retroactively applicable to cases on collateral review to challenge the constitutional vagueness of the mandatory Guidelines. Hence, Mr. Martinez's motion was untimely. Moreover, the court concluded that our decision in *United States v. Greer*, 881 F.3d 1241 (10th Cir.), *cert. denied*, 139 S. Ct. 374 (2018) resolved this issue. It denied a COA. Mr. Martinez renews his request for a COA in this court.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, Mr. Martinez must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires him to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When the district court denied the motion on procedural grounds—here, untimeliness—the prisoner must show

2

both that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

No reasonable jurist could debate the district court's conclusion that the § 2255 motion was untimely. As Mr. Martinez acknowledges, our decision in *Greer* forecloses the issue he seeks to raise. Indeed, *Greer* rejected as untimely an identical challenge to the mandatory Guidelines' career-offender residual clause. 881 F.3d at 1244, 1248-49. *Greer* held the Supreme "Court did not consider in *Johnson*, and has still not decided, whether the mandatory Guidelines can be challenged for vagueness in the first instance, let alone whether such a challenge would prevail." *Id.* at 1248. Because *Johnson* did not recognize a new right applicable to a sentence imposed under the mandatory Guidelines, *Greer* concluded that the § 2255 motion was untimely. *Id.* at 1248-49.

Mr. Martinez recognizes that his § 2255 motion is untimely "as long as *Greer* remains good law," COA Appl. at 11, but he says *Greer* was overruled by *Sessions v. Dimaya*, 138 S. Ct. 1204, 1210-11 (2018), which invalidated a similarly worded residual clause in 18 U.S.C. § 16(b). Our recent decision in *United States v. Pullen*, 913 F.3d 1270 (10th Cir. 2019), forecloses that argument. *Pullen* reiterated after *Dimaya* that "*Johnson* did not create a new rule of constitutional law applicable to the mandatory Guidelines." *Id.* at 1284. Given this binding circuit precedent, no reasonable jurist could debate the district court's conclusion that Mr. Martinez's § 2255 motion was untimely.

## III. **CONCLUSION**

We deny a COA and dismiss this matter.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge