**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TIMOTHY EDWARD HOLZ,

    Defendant - Appellant.

No. 17-6118
(D.C. Nos. 5:16-CV-00613-C &
5:01-CR-00211-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Timothy Edward Holz appeals the district court's order denying his 28 U.S.C.

§ 2255 motion for sentencing relief. Our jurisdiction arises under 28 U.S.C. §§ 1291 and

2253(a). We affirm.

**BACKGROUND**

In 2002, Holz pled guilty to one count of armed bank robbery in violation of

18 U.S.C. §§ 2113(a) and (d). The district court sentenced him as a career offender under

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

U.S. Sentencing Guidelines Manual (USSG) § 4B1.1 (U.S. Sentencing Comm'n 2002)[1]

to 210 months' imprisonment, which was within the applicable 188-235 month range of

the then-mandatory sentencing guidelines. He did not appeal.

On June 26, 2015, the Supreme Court held that the residual clause of 18 U.S.C.

§ 924(e)(2)(B)(ii), which defines "violent felony" under the Armed Career Criminal Act,

is unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). The

Supreme Court later held that *Johnson* applied retroactively on collateral review. *See*

*Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

Within one year of *Johnson*, Holz filed a § 2255 motion, arguing that *Johnson*'s

reasoning should also apply to the residual clause found in USSG § 4B1.2(a)'s

crime-of-violence definition. *Johnson*, Holz argued, called into question the district

---

[1] Designation as a "career offender" requires, among other things, that the offense of conviction is a crime of violence or controlled substance offense and that the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. USSG § 4B1.1(a) (2002). The term "crime of violence" is defined as

> (a)     . . . any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1)     **has as an element the use, attempted use, or threatened use of physical force against the person of another**, or
>
> (2)     is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 4B1.2(a) (2002) (emphases added). The portion in bold is known as "the elements clause." The italicized portion is known as "the residual clause." Holz's career-offender designation was based on two prior convictions for drug offenses and the instant conviction for armed robbery.

court's basis for sentencing him as a career offender. While the motion was pending, the Supreme Court held that *Johnson* does not impact sentences enhanced under the now-advisory guidelines. *Beckles v. United States*, 137 S. Ct. 886, 890, 895 (2017)

The district court avoided the *Johnson* issue altogether, however, by finding that Holz's armed-robbery conviction qualified as a crime of violence under the elements clause of USSG § 4B1.2(a). The district court denied Holz's § 2255 motion, but it issued a certificate of appealability.

## DISCUSSION

We review de novo a district court's denial of a § 2255 *Johnson* claim where, as here, the district court did so without an evidentiary hearing. *United States v. Copeland*, 921 F.3d 1233, 1242 (10th Cir. 2019). Our review leads to an affirmance on two grounds.

First, as Holz acknowledges, our body of jurisprudence contains a "plethora of decisions" holding that armed bank robbery is categorically a crime of violence under USSG § 4B1.2(a)'s elements clause. Reply Br. at 5; *see, e.g.*, *United States v. McCranie*, 889 F.3d 677, 677 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1260 (2019). Thus, the district court correctly designated Holz as a career offender -- notwithstanding any constitutional uncertainty in the residual clause of the mandatory guidelines.

Second, even if we disagreed with the district court's rationale, Holz is still not

3

entitled to relief because his *Johnson* claim is untimely.[2]  Section 2255 prescribes a

one-year limitations period.  28 U.S.C. § 2255(f).  The limitations period for Holz's

motion ran from the later of either "the date on which [his] judgment of conviction

bec[ame] final" or "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f).  As Holz

concedes, we held in *United States v. Greer*, 881 F.3d 1241 (10th Cir. 2018), *cert.

denied*, 139 S. Ct. 374 (2018), that *Johnson* does not include a "right not to be sentenced

under the residual clause of § 4B1.2(a)(2) of the mandatory Guidelines."  *Id.* at 1247.

And this court recently validated *Greer*, reiterating that "*Johnson* did not create a new

rule of constitutional law applicable to the mandatory Guidelines."  *United States v.

Pullen*, 913 F.3d 1270, 1285 (10th Cir. 2019), *petition for cert. filed* (U.S. July 15, 2019)

(No. 19-5219).  Consequently, the one-year limitations period applicable to Holz's

§ 2255 motion cannot be based on the date *Johnson* was decided.  Instead, it must be

based upon "the date on which [his] judgment of conviction bec[ame] final."  Holz's

motion, which was filed more than a decade after his conviction became final, is

therefore time barred.

---

[2] We may affirm on any ground adequately supported by the record.  *United States v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 374 (2018).

AFFIRMED.

Entered for the Court

Joel M. Carson, III
Circuit Judge