FILED
United States Court of Appeals
Tenth Circuit

October 7, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFRED RAY CESSPOOCH,

Defendant - Appellant.

No. 17-4160
(D.C. Nos. 2:16-CV-00662-JNP &
2:93-CR-00281-JNP-1)
(D. Utah)

_____

**ORDER**
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

The issue in this appeal involves the timeliness of Mr. Alfred Ray
Cesspooch's motion to vacate his sentence. The district court dismissed the
motion on the ground that the limitations period had expired. Mr.
Cesspooch wants to appeal; to do so, he requests a certificate of
appealability and initial consideration en banc. We deny the request for a
certificate, dismiss the appeal, and deny the request for initial
consideration en banc as moot because absent the grant of a certificate we
do not have jurisdiction over the merits of this appeal.

Mr. Cesspooch committed the offense in 1993; at that time, the
United States Sentencing Guidelines were considered mandatory. *See, e.g.,*
*Burns v. United States*, 501 U.S. 129, 133 (1991), *abrogated on other*

*grounds, Dillon v. United States,* 560 U.S. 817, 820-21 (2010). These guidelines treated an offense as a crime of violence if the offense created "a serious potential risk of physical injury to another." USSG § 4B1.2(a)(1)(ii) (1993).[1] (This provision is commonly known as the "residual clause.")

The guidelines are now considered advisory rather than mandatory. *See United States v. Booker*, 543 U.S. 220, 237–39 (2005). After they became advisory, the Supreme Court rejected a vagueness challenge to the guidelines' residual clause. *Beckles v. United States*, 137 S. Ct. 886, 890, 892, 894–95 (2017). But the Supreme Court has not squarely addressed a vagueness challenge to the guidelines when they were considered mandatory. *See id.* at 903 n.4 (Sotomayor, J., concurring).

Mr. Cesspooch contends that given the mandatory nature of the guidelines in 1993, their residual clause should be subject to a vagueness challenge. For this contention, Mr. Cesspooch likens the guidelines' residual clause to an identical statutory clause in the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)), which was struck down in *Johnson v. United States* as unconstitutionally vague. 135 S. Ct. 2551, 2563 (2015).

---

[1] The sentencing court used the 1993 version of the guidelines.

To raise this contention on appeal, Mr. Cesspooch needs a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This certificate is available only if Mr. Cesspooch shows that reasonable jurists could debate the correctness of the district court's ruling. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). We conclude that Mr. Cesspooch has not made this showing.

A motion to vacate the sentence is ordinarily due one year from when the judgment became final. 28 U.S.C. § 2255(f)(1). An exception exists when the defendant relies on a new rule of constitutional law that has been deemed retroactive to cases on collateral review. 28 U.S.C. 2255(f)(3). Mr. Cesspooch invokes this exception here based on *Johnson*. Though *Johnson* did not address the sentencing guidelines, our later opinion in *United States v. Greer* did, holding that *Johnson* had not set out a new constitutional rule applicable to the guidelines when they were considered mandatory. 881 F.3d 1241, 1247–49 (10th Cir.), *cert denied*, 139 S. Ct. 374 (2018).

The defendant argues that *Greer* was abrogated by *Sessions v. Dimaya*. In *Dimaya*, the Supreme Court applied *Johnson* to the definition of a "crime of violence" in 18 U.S.C. § 16(b). *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213–16 (2018). But after the Supreme Court decided *Sessions v. Dimaya*, we reiterated in *United States v. Pullen* that *Johnson* had not

3

created a new rule of constitutional law applicable to the mandatory guidelines. *United States v. Pullen*, 913 F.3d 1270, 1284 n.17 (10th Cir. 2019), *petition for cert. filed* (U.S. July 17, 2019) (No. 19-5219). So *Dimaya* does not allow Mr. Cesspooch to invoke § 2255(f)(3) based on *Johnson*.

Given our decisions in *Greer* and *Pullen*, we start the one-year period of limitations from the date on which the conviction became final, not from the date on which *Johnson* was decided. Applying this limitations period, any reasonable jurist would conclude that Mr. Cesspooch's motion to vacate was untimely.

Mr. Cesspooch's sentence became final in 1998. *United States v. Cesspooch,* 145 F.3d 1346 (1998) (unpublished). He then had one year to move to vacate his sentence; but he waited nearly seventeen years, missing the limitations period by about sixteen years. Because Mr. Cesspooch's motion was indisputably untimely, we (1) decline to issue a certificate of appealability, (2) dismiss the appeal, and (3) deny the request for initial consideration en banc as moot because absent the grant of a certificate we do not have jurisdiction over the merits of this appeal.

Entered for the Court

Per Curiam

4

*United States v. Cesspooch*, No. 17-4160, Bacharach, J., dissenting.

I agree with the majority that Mr. Cesspooch's claim fails under *Greer* and *Pullen*. But I believe that Mr. Cesspooch has satisfied the low threshold for a certificate of appealability.

As the majority explains, the issue for a certificate is whether "reasonable jurists could debate the correctness of the district court's ruling." Maj. Order at 3 (citing *Slack v. McDaniel*, 529 U.S. 483–84 (2000)). In my view, reasonable jurists could consider the underlying issue debatable if presented to the en banc court.[1] *See United States v. Crooks*, 769 F. App'x 569, 571-72 (10th Cir. 2019) (unpublished) (granting a certificate of appealability on the same issue);[2] *see also Jordan v. Fisher*, 135 S. Ct. 2647, 2651 (2015) (Sotomayor, J., dissenting from the denial of cert.) (arguing that the Fifth Circuit should have granted a certificate of appealability, though the claim was foreclosed by a Fifth Circuit

---

[1]     Mr. Cesspooch has requested an initial en banc, which we can consider only upon the issuance of a certificate of appealability. Even if this request is denied, however, Mr. Cesspooch should at least have an opportunity to seek rehearing en banc, where he could urge reconsideration of the holding in *Greer* or *Pullen*. As an en banc court, we might or might not decide to revisit these issues. But Mr. Cesspooch cannot even ask us to convene as an en banc court in the absence of a certificate of appealability. Thus, denial of a certificate effectively prevents Mr. Cesspooch from asking the en banc court to revisit the holding in *Greer* or *Pullen*.

[2]     We also granted a certificate of appealability on this issue in *United States v. Ford*, No. 17-1122, slip op. at *3 (10th Cir. Aug. 8, 2019).

precedent, because judges elsewhere had found the same claim reasonably debatable).[3] I would thus grant a certificate of appealability[4] and affirm the dismissal of Mr. Cesspooch's motion to vacate his sentence.

---

[3] I do not suggest that we should grant a certificate of appealability based solely on the fact that judges in our court have granted certificates on the same issue. *See Griffin v. Sec'y*, 787 F.3d 1086 (11th Cir. 2015). "If the fact that one or more judges had granted a [certificate of appealability] on an issue, or even concluded that the issue had merit, required all other judges to grant a [certificate of appealability] on the issue, the standard would be transformed from objective to subjective. It is not a subjective standard." *Id.* at 1095. I simply note that

- some judges in our court have regarded the same issue reasonably debatable even after *Greer* and *Pullen*,

- the en banc court need not be constrained by *Greer* or *Pullen*,

- Mr. Cesspooch has already asked for en banc consideration and, if we were to grant a certificate, he could ask again after issuance of the panel's order.

[4] Mr. Cesspooch's motion is his fifth motion to vacate his sentence. If he were to obtain a certificate of appealability, we could reach the merits only if we were to grant leave to pursue a second or successive motion. *See* 28 U.S.C. § 2255(h)(2). The majority's dismissal of the appeal obviates our need to consider the possibility of leave to file a successive motion to vacate the sentence.

2