**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 27, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

Defendant - Appellant.

No. 22-5043
(D.C. Nos. 4:20-CV-00343-GKF-JFJ &
4:06-CR-00140-GKF-1)
(N.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Michael Dewayne Bell, a federal prisoner appearing pro se,

requests certificates of appealability ("COA") so that he may appeal the district

court's denial of his authorized, second or successive motion filed pursuant to 28

U.S.C. § 2255, as well as the district court's denial of his motion to alter or amend

judgment.  Because Bell has failed to satisfy the standards for issuance of a COA, we

deny his requests and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

A

In 2006, Bell was indicted by a federal grand jury for his role in a February 28, 2006 armed robbery of an Arvest Bank in Tulsa, Oklahoma.  During the course of the ensuing criminal proceedings, the government filed a criminal information notifying Bell of its intent to enhance his sentence pursuant to 18 U.S.C. § 3559(c)(1) based on two of Bell's prior Oklahoma state court convictions, one in Pottawatomie County, Oklahoma, for robbery by force and robbery with firearms after former conviction of two felonies, and another in Seminole County, Oklahoma, for robbery by force or fear after former conviction of two felonies.  Section 3559(c)(1) requires the imposition of life imprisonment for a defendant "convicted in a court of the United States of a serious violent felony" if the person was previously convicted in federal or state court of "2 or more serious violent felonies" or "one or more serious violent felonies and one or more serious drug offenses."  18 U.S.C. § 3559(c)(1).

In May 2007, a jury convicted Bell on two counts: (1) aggravated bank robbery, in violation of 18 U.S.C. § 2133(a) and (d); and (2) using, brandishing, and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  In July 2007, Bell was sentenced to life imprisonment pursuant to 18 U.S.C. § 3559(c)(1).

Bell filed a direct appeal arguing, in part, that his prior Oklahoma state convictions did not qualify as "serious violent felonies" and thus did not trigger a mandatory life sentence under 18 U.S.C. § 3559(c)(1) because the sentences for those

2

convictions ran concurrently. This court rejected Bell's argument and affirmed his convictions and sentence. *United States v. Bell*, 290 F. App'x 178 (10th Cir. 2008).

B

Following the completion of his direct appeal, Bell filed numerous motions in the district court and this court seeking to challenge his convictions and sentence. Included among those were: Bell's first § 2255 motion in 2010; a 2012 motion seeking to amend his original § 2255 motion; a consecutive § 2255 motion in 2015 that Bell filed without first seeking permission from this court; a 2016 motion seeking permission from this court to file a successive § 2255 motion; and supplements to his § 2255 motion that were filed in 2016, 2017, and 2018.

In September 2019, Bell filed a motion to supplement his § 2255 motion to reference the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding the residual clause of 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague). This court granted that motion and, in 2020, granted Bell permission to file a successive § 2255 motion challenging his convictions and sentence in light of the holding in *Davis*.

After Bell's successive § 2255 motion was filed in the district court, the government moved to dismiss that motion. On May 13, 2021, the district court issued an opinion and order granting the government's motion to dismiss and denying Bell's successive § 2255 motion. The district court noted at the outset of its opinion that Bell's successive "§ 2255 motion implicate[d] two issues": (1) "whether the predicate crime for his § 924(c) offense—armed bank robbery—c[ould] only be

3

considered a 'crime of violence' under § 924(c)'s unconstitutional residual clause; and (2) "whether [his] two prior Oklahoma state convictions for Robbery by Force and Fear could only be considered predicate 'crimes of violence' for purposes of § 3559's 'three strikes' provision under that section's residual clause," which Bell alleged was "unconstitutional pursuant to" *Davis* and other Supreme Court precedent. ROA, Vol. IV at 73.

Addressing those issues in turn, the district court first concluded that Bell had "fail[ed] to show by a preponderance of the evidence that his conviction rest[ed] on § 924(c)'s unconstitutional residual clause." *Id*. at 75. The district court noted in support that it had reviewed the record of Bell's federal criminal proceedings and found no "reference to § 924(c)'s residual clause" in the presentence investigation report. *Id*. at 74. The district court also noted that, in any event, "the Tenth Circuit has determined the federal bank robbery statute, 18 U.S.C. § 2113(d), has 'as an element the use, attempted use, or threatened use of physical force.'" *Id*. (quoting *United States v. Lloyd*, 741 F. App'x 570, 573 (10th Cir. 2018)). "Thus," the district court concluded, "armed bank robbery in violation of 18 U.S.C. § 2113(d) constitutes a 'crime of violence' under § 924(c)'s elements clause," and there was "no indication, either in the record or the background case law, that [the trial judge] would have applied the law any differently in 2007." *Id*.

The district court then turned to and rejected Bell's argument that his sentence pursuant to § 3559(c) was unconstitutional in light of *Davis* and other recent Supreme Court precedent. In doing so, the district court noted that to succeed on this claim,

4

Bell had to "first show that it [wa]s more likely than not that he was sentenced under the residual clause of § 3559," and in turn had to show "that a new rule of constitutional law applies" to his case. *Id*. at 77. With respect to the first of those required showings, the district court noted it was undisputed that at Bell's "July 30, 2007 sentencing, the government did not explicitly rely on the enumerated offense, elements, or residual clause definition of 'serious violent felony' in § 3559." *Id*. at 79. The district court also noted that, in the course of Bell's direct appeal, "the government did not explicitly rely on § 3559's residual clause as to the robbery convictions," and "the Tenth Circuit [ultimately] concluded that Bell's two prior felony convictions [we]re sufficient to sustain a life sentence, without any discussion of the residual clause." *Id*. (quotation marks omitted). The district court therefore concluded that Bell "failed to demonstrate that it [wa]s more likely than not he was sentenced under the residual clause of § 3559." *Id*.

The district court further concluded that "Bell's prior convictions for robbery by force or fear under Okla. Stat. tit. 21, § 791 and robbery with firearms under Okla. Stat. tit. 21, § 801 f[e]ll within the § 3559 elements clause." *Id*. The district court noted in support that "Oklahoma statutes define 'robbery' as 'a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.'" *Id*. (quoting Okla. Stat. tit. 21, § 791). The district court in turn noted that

> Section 801 of title 21 provides for an enhanced sentence if a person "with the use of any firearms or any dangerous weapons, whether the firearm is loaded or not . . . robs or attempts to rob any place of

business, residence or banking institution or any other place inhabited or attended by any person or persons."

*Id*. at 79–80 (quoting Okla. Stat. tit. 21, § 801). "Both § 791 and § 801," the district court concluded, "include as an element that the robbery be accomplished by 'force or fear.'" *Id*. at 80. The district court also noted that "Tenth Circuit panels ha[d] concluded in unpublished decisions that robbery by force under Oklahoma law satisfies the elements clause of the Armed Career Criminal Act's definition of 'violent felony,' which is identical to the elements clause of § 3559 but for the maximum term of imprisonment requirement." *Id*. All of this, the district court noted, bolstered its conclusion that "Bell fail[ed] to satisfy his burden to demonstrate that he was sentenced pursuant to § 3559's residual clause." *Id*.

Lastly, the district court concluded that Bell could not show that he was "rely[ing] on 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id*. at 81 (quoting 28 U.S.C. § 2255(h)). The district court noted that "[i]n *Davis*, the Supreme Court held the residual clause, 18 U.S.C. § 924(c)(3)(B), to be unconstitutionally vague," but had never "considered the constitutionality of the residual clause of 18 U.S.C. § 3559(c)(2)(F)(ii)." *Id*. The district court concluded that, "[b]ecause the U.S. Supreme Court has not concluded that the residual clause of § 3559(c) is unconstitutional," Bell had "fail[ed] to demonstrate that his claim, insofar as it [wa]s premised on § 3559(c), relie[d] on a new rule of constitutional law recognized by the U.S. Supreme Court as required by § 2255(h)." *Id*.

6

As part of its opinion denying Bell's § 2255 motion, the district court denied his requests for an evidentiary hearing, for appointment of counsel, and for a COA.

Bell filed a motion to alter or amend the judgment, which the district court denied on May 12, 2022. Bell then filed a notice of appeal on June 6, 2022, followed by two applications for COA with this court (one application seeks permission to appeal from the district court's May 13, 2021 opinion and order, and the second application seeks permission to appeal from the district court's May 12, 2022 denial of Bell's motion to alter or amend judgment).

## II

Bell must obtain a COA to appeal from the district court's denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) ("A COA is a jurisdictional pre-requisite to our review."). We may grant a COA only if Bell "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that where, as here, "a district court has rejected the constitutional claims on the merits," the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, because the COA inquiry "is not coextensive with a merits analysis," the "only question" at the COA stage "is whether the applicant has shown that jurists of reason could disagree with the district court's resolution . . . or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quotation marks omitted).

As we have noted, Bell's successive § 2255 motion was based primarily on the Supreme Court's decision in *Davis*. In *Davis*, the Supreme Court held that the statutory definition of "crime of violence" set forth in § 924(c)(3)(B), known as the residual clause, is unconstitutionally vague. 139 S. Ct. at 2336. Notably, the Supreme Court did not invalidate the statutory definition of "crime of violence" set forth in § 924(c)(3)(A), known as the elements clause, which defines a "crime of violence" to mean a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

The district court concluded, and reasonable jurists could not disagree, that *Davis* does not render Bell's § 924(c)(3) conviction infirm. We have held that a conviction for "armed bank robbery" in violation of 18 U.S.C. § 2113(d), requires, among other things, that the government prove "the defendant took or attempted to take, money belonging to a bank, credit union, or any savings and loan association . . . by using force and violence, or intimidation." *United States v. Davis*, 437 F.3d 989, 993 (10th Cir. 2006). In light of this holding, we have in turn held, albeit in unpublished decisions, that armed bank robbery in violation of § 2113(d) categorically constitutes a "crime of violence" under § 924(c)'s elements clause. *E.g.*, *United States v. Lucero*, 860 F. App'x 589, 594 (10th Cir. 2021). Therefore, the district court's decision in this case that armed bank robbery is categorically a "crime of violence" for purposes of § 924(c)(3) is not reasonably debatable.

Likewise, reasonable jurists could not disagree with the district court's conclusion that *Davis* did not render Bell's sentence under § 3559(c) infirm. As

noted, *Davis* addressed only the constitutionality of the residual clause of § 924(c)(3)(B), and did not address at all the residual clause of § 3559(c)(2)(F)(ii). Although Bell argues that the reasoning of *Davis* applies to the residual clause of § 3559(c)(2)(F)(ii), that argument fails in the context of a § 2255 motion. As we have noted in a similar context, "[w]hile circuit courts can apply the reasoning of *Johnson* to support a finding that the residual clause of similarly worded statutes are unconstitutionally vague on direct appeal, our review" under § 2255 "is more limited." *United States v. Greer*, 881 F.3d 1241, 1247 (10th Cir. 2018). Section 2255 "limits federal habeas relief to new constitutional rights recognized by the Supreme Court." *Id*. at 1247. Because the Supreme Court has never addressed the constitutionality of the residual clause of § 3559(c)(2)(F)(ii), Bell's challenge to the constitutionality of his sentence under § 3559(c)(1) necessarily fails.

III

Bell's motions to amend his applications for COA and his motion to file a supplemental brief are GRANTED. The applications for COA are DENIED and the matter is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

9