**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE ENRIQUE BARRAGAN-
GUTIERREZ,

    Defendant - Appellant.

No. 23-8032
(D.C. No. 2:23-CV-00034-NDF)
(D. Wyo.)

_____

**ORDER**
_____

Before **TYMKOVICH**, **EBEL**, and **ROSSMAN**, Circuit Judges.
_____

This matter is before the court on "Mr. Barragan-Guiterrez's Unopposed Petition

for Panel Rehearing for Limited Correction of the Published Opinion." The petition is

GRANTED to the extent of the modifications in the attached revised opinion. The court's

April 15, 2025 opinion is withdrawn and replaced by the attached revised opinion, which

shall be filed as of today's date.


Entered for the Court


CHRISTOPHER M. WOLPERT, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JORGE ENRIQUE BARRAGAN-
GUTIERREZ,

    Defendant - Appellant.

No. 23-8032

_____

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 2:23-CV-00034-NDF)**

_____

Adam Mueller (Meredith O'Harris with him on the briefs), Haddon, Morgan and Foreman, P.C., Denver, Colorado, for Defendant-Appellant.

William A. Glaser, Attorney, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C. (Nicole M. Argentieri, Acting Assistant Attorney General, and Lisa H. Miller, Deputy Assistant Attorney General, Appellate Section, Criminal Division, United States Department of Justice, Washington, D.C., with him on the briefs, and Nicholas Vassallo United States Attorney, and David A. Kubichek, Assistant United States Attorney, District of Wyoming, with him on the briefs) for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, **EBEL**, and **ROSSMAN**, Circuit Judges.

_____

**TYMKOVICH**, Circuit Judge.

_____

Federal law makes it a crime to possess a firearm in furtherance of drug trafficking. 28 U.S.C. § 924(c)(1)(A). Defendant Jorge Enrique Barragan-Gutierrez was indicted for that crime after a firearm was found in his home along with incriminating amounts of drugs. He also admitted to receiving a different gun as payment in a drug transaction. He pleaded guilty and was sentenced in 2015 to 211 months of incarceration.

He now challenges his sentence through this habeas petition. 28 U.S.C. § 2255(f)(3). He argues that the Supreme Court's recent decisions in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Rahimi*, 602 U.S. 680 (2024), established that the government cannot criminalize his possession of a firearm under the Constitution's Second Amendment, guaranteeing the right to keep and bear arms. Accordingly, he says his sentence is unconstitutional and should be vacated.

We disagree. While the Supreme Court has clarified the legal framework for analyzing restrictions on the use and possession of firearms in recent cases, none of those cases has been extended to relieve felons convicted before those decisions. Since those cases do not apply to Mr. Barragan-Gutierrez's circumstances, we **AFFIRM** the denial of his petition.

## I.    Background

### A.    *Underlying Facts*

The facts here are undisputed. Mr. Barragan-Gutierrez is a Wyoming drug dealer who, from 2011 to 2014, distributed methamphetamine, marijuana, and heroin. Investigators traced the drugs back to Mr. Barragan-Gutierrez and searched his house,

which revealed drugs, drug distribution paraphernalia, and a machine gun with ammunition.

During the investigation of Mr. Barragan-Gutierrez, investigators were informed by a confidential source that he had seen Mr. Barragan-Gutierrez with an AR-15. He was indicted and eventually pleaded guilty to possession with intent to distribute, conspiracy to launder money, and—the charge on appeal—possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i). At his change of plea hearing, Mr. Barragan-Gutierrez admitted to possessing the AR-15 for a short time after receiving it in exchange for drugs. While Mr. Barragan-Gutierrez characterized his actions as merely possessing a firearm at the same time and place as drugs, other testimony suggested that he began keeping a firearm in his house to protect his drug supplies after a previous robbery. Mr. Barragan-Gutierrez was ultimately sentenced to 211 months, later reduced to 181 months.

### B.    *Procedural Posture*

After the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), Mr. Barragan-Gutierrez filed a 28 U.S.C. § 2255(a) motion, proceeding pro se. He petitioned the district court to vacate, set aside, or correct his sentence, arguing his conviction for firearm possession in furtherance of a crime was unconstitutional as applied. He contended that § 924(c)(1)(A) is unconstitutional because it punished his mere possession of a firearm coincident with a drug trafficking offense.

3

Section 2255 requires challenges to a sentence to be filed within one year of conviction. Mr. Barragan-Gutierrez argued the time limitation should be waived because *Bruen* established a new constitutional rule that allows him to challenge his conviction retroactively. But the district court found the petition was time-barred. Although a Supreme Court decision may be retroactively applied in some circumstances, the district court concluded those circumstances did not apply here. *Barragan-Gutierrez v. United States*, 668 F. Supp. 3d 1231, 1234 (D. Wyo. 2023). And, even if the petition were timely, the district court concluded Mr. Barragan-Gutierrez's argument would fail on the merits because he was convicted not merely for *possessing* a firearm, but for possessing it *in furtherance* of another crime. *Id.* at 1235–36. On those dual conclusions, the district court dismissed the petition.

Mr. Barragan-Gutierrez appealed, and this court granted him a certificate of appealability on three issues:

1. Whether *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) identified a new right that applies to more than "law-abiding citizens."

2. If *Bruen* recognized a new right that applies to more than "law-abiding citizens," whether the new right is retroactive on collateral review.

3. If the new right is retroactive on collateral review, whether 18 U.S.C. § 924(c)(1)(A)(i) is unconstitutional under *Bruen*.

We appointed counsel for Mr. Barragan-Gutierrez and requested supplemental briefing to address the Supreme Court's decision in *United States v. Rahimi*, 602 U.S.

4

680 (2024), which was issued after we granted the certificate of appealability.[1]  With the benefit of this briefing, we resolve the first question presented, concluding that the Supreme Court has not identified a new constitutional right that is applicable in these circumstances.  Mr. Barragan-Gutierrez's petition is, therefore, untimely—the one-year period to challenge his conviction passed in 2016.

## II.     Analysis

Mr. Barragan-Gutierrez contends the Supreme Court has recognized a newly established right under the Second Amendment that shields law-abiding citizens who possess firearms in their homes.  He argues 28 U.S.C. § 924(c)(1)(A)(i) unconstitutionally infringes on that right by criminalizing firearm possession in the circumstances that led to his conviction.

### A.     Legal Framework

A defendant who seeks to overturn his or her conviction typically has fourteen days from the date of judgment.  *See* Fed. R. App. P. 4(b)(1)(A).  But significant changes in law, newly discovered evidence, or other extraordinary factors sometimes allow a defendant to bring a new challenge much later—often called a "collateral attack."

Section 2255 provides one such avenue for a collateral attack if a defendant's conviction was imposed in violation of the Constitution or federal laws.  It provides

---

[1] Counsel for Mr. Barragan-Gutierrez has ably discharged his representation in this appeal.

that in those circumstances a defendant can request that the sentencing court "vacate, set aside or correct the sentence." These motions have a one-year statute of limitation, triggered on the date of *conviction*. 28 U.S.C. § 2255(f)(1).

A collateral attack may also be raised within one year of the *recognition* of a "new right" by the Supreme Court. *Id.* at § 2255(f)(3). That provision extends the limitations period for up to one year after the Supreme Court recognizes a new right that an appropriate court has "made retroactively applicable to cases on collateral review."[2]

"[A] right is 'newly recognized' for § 2255(f)(3) purposes if it is 'not dictated by precedent.'" *United States v. Hopkins*, 920 F.3d 690, 698 (10th Cir. 2019) (quoting *United States v. Greer*, 881 F.3d 1241, 1245 (10th Cir. 2018)). And only the Supreme Court can recognize a new constitutional right. *See Dodd v. United States*, 545 U.S. 353, 357–59 (2005). The Supreme Court is said to have "'recognized' an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that new right in a definite way. Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not 'recognized' that right." *Greer*, 881 F.3d at 1247 (quoting *United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (internal citations

---

[2] Accordingly, the one-year period runs from the latest of four possible occurrences: (1) final judgment; (2) the date that a government-created obstacle preventing such a motion is removed; (3) *the date a new right is recognized*; or (4) the date when facts supporting the claim become available if they could not previously be discovered by due diligence. 28 U.S.C. § 2255(f)(1)–(4).

omitted)). Collateral attacks under the statute cannot be based on only an "extension" of the Supreme Court's logic from previous cases. *Davis v. McCollum*, 798 F.3d 1317, 1322 (10th Cir. 2015).

A recent example of this principle is found in *Johnson v. United States*, where the Supreme Court recognized for the first time that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 576 U.S. 591, 606 (2015). When a defendant—sentenced more than a year before *Johnson* was decided—sought to overturn his conviction, we held his petition was timely because *Johnson* recognized a new right not previously announced under the Due Process clause. *See United States v. Snyder*, 871 F.3d 1122, 1126 (10th Cir. 2017). In another recent case, *Luis v. United States*, the Supreme Court recognized a new right when it held for the first time that the government could not seize or freeze assets before trial in certain circumstances. 578 U.S. 5 (2016). Because prosecutors had previously enjoyed this authority, defendants had not been able to exercise this right before the Supreme Court's decision; we thus affirmed this recognition as one "not dictated by precedent existing at the time" and ultimately found the new right was not retroactive.[3] *Hopkins*, 920 F.3d at 701–02.

---

[3] Both parties concede that *Bruen* and *Rahimi* apply retroactively. Because we ultimately find there was no new right recognized in those cases, we decline to rule on that issue.

But a Supreme Court holding which is "merely an application" of a preexisting right will not suffice. *Chaidez v. United States*, 568 U.S. 342, 347–48 (2013). And the right asserted by a defendant in a § 2255(a) petition must match the newly recognized right. A petition which avails itself of the Supreme Court's reasoning, but "in a different context not considered by the Court," will be time-barred. *Greer*, 881 F.3d at 1248.

### B.    *Mr. Barragan-Gutierrez's Petition is Time-Barred*

Mr. Barragan-Gutierrez argues that *Bruen*, and subsequently *Rahimi*, recognized a new extension of the Second Amendment right to keep and bear arms, reopening the window to challenge his conviction. But those cases did not, as our test requires, "formally acknowledge[]" a new right to possess firearms in furtherance of a crime, let alone announce it "in a definitive way." *Greer*, 881 F.3d at 1247.

The Second Amendment reads: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. It was drafted and ratified by revolutionaries, farmers, and frontiersmen—citizens all too familiar with the essential role played by firearms in self-defense and preserving liberty, but also with the dangers of their lawless and reckless use.

Modern doctrine on the right to bear arms is shaped in large part by the Supreme Court's decision in *District of Columbia v. Heller*, which recognized a general Second Amendment right to possess firearms by law-abiding citizens in defense of their home. 554 U.S. 570 (2008). But "the right secured by the Second Amendment is not

unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at 627. While that case struck down a ban on handgun possession in the home, it did "not undertake an exhaustive historical analysis" nor "cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id.* Under *Heller*'s guidance, this circuit, in uniformity with most circuits, has upheld restrictions on firearm possession by felons and possession furthering other felonies. *See United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Angelos*, 417 F. App'x 786, 801 (10th Cir. 2011) (rejecting a § 2255 petition and collecting cases rejecting challenges to § 924(c)). We recently held that neither *Bruen* nor *Rahimi* abrogated these decisions. *See Vincent v. Bondi*, 127 F.4th 1263, 1265 (10th Cir. 2025). Other courts have done the same for their pre-*Bruen* cases on the subject. *See United States v. Risner*, 129 F.4th 361 (6th Cir. 2025) (upholding the constitutionality of § 924(c)(1)(A) post-*Rahimi*).

To be sure, *Bruen* and *Rahimi* revisited *Heller's* Second Amendment test. In those cases, the Supreme Court instructed courts to follow an originalist methodology to determine whether a restriction on firearms violated the right to keep and bear arms. Specifically, courts must "examine our 'historical tradition of firearm regulation' to help delineate the contours of the right." *Rahimi*, 602 U.S. at 691 (quoting *Bruen*, 597 U.S. at 17). "[I]f a challenged regulation fits within that tradition, it is lawful under the Second Amendment." *Id.* Because these laws may

infringe on constitutional rights, it is the government's burden to "justify its regulation." *Id.* To meet this burden, the government must show a "well established and representative" principle, derived from the history and tradition, that would inform the Second Amendment's textual meaning. *Bruen*, 597 U.S. at 30. But such a principle may be drawn from "historical analogue[s]" to the modern statute, and a "historical twin" is not needed. *Id.*

Mr. Barragan-Gutierrez argues that *Bruen* recognized a "new" presumptive right to bear arms for all people, and that *Rahimi* reinforced that holding by rejecting the "reasonable person" limitation. *See Rahimi*, 602 U.S. at 701–02.[4] But neither *Bruen* nor *Rahimi* "formally acknowledged that right in a definite way." *Greer*, 881 F.3d at 1247.[5] In other words, nothing in those opinions suggest that *Heller*'s

---

[4] Mr. Barragan-Gutierrez is not a citizen of the United States. Even if he were correct about the scope of the right, whether noncitizens possess a right to bear arms is an unanswered question currently dividing the circuits. *See* Scott Callaghan, *Second Amendment Implications for Unlawfully Present Aliens*, 62 HOUS. L. REV. 191 (2024) (discussing current state of the circuit split); *compare United States v. Sitladeen*, 64 F.4th 978 (8th Cir. 2023) (holding illegal immigrants do not possess Second Amendment rights), *and United States v. Portillo-Munoz*, 643 F.3d 437 (5th Cir. 2011) (same), *with United States v. Meza-Rodriguez*, 798 F.3d 664, 672–73 (7th Cir. 2015), *and United States v. Carpio-Leon*, 701 F.3d 974, 981 (4th Cir. 2012) (upholding Second Amendment rights for illegal immigrants). That "large and complicated" question has not been answered in this circuit. *United States v. Huitron-Guizar*, 678 F.3d 1164, 1169 (10th Cir. 2012).

[5] We need not decide whether *Bruen* or *Rahimi* announced any new right. If either case recognized any new right in a definitive way, that right is far too narrow to apply to Mr. Barragan-Gutierrez, and the cases disclaim any broader reading. *See Bruen*, 597 U.S. at 31 ("Like *Heller*, we do not undertake an exhaustive historical analysis . . . of the full scope of the Second Amendment." (internal quotation marks omitted)); *Rahimi*, 602 U.S. at 702 ("[W]e conclude *only* this: An individual found by

10

application to new factual circumstances amounted to a newly minted constitutional right that could apply here.  In fact, both *Bruen* and *Rahimi* characterized their holdings as consistent with *Heller*.  *See Bruen*, 597 U.S. at 26 ("The test we set forth in *Heller and apply today . . . .*" (emphasis added)); *id.* ("Following the course charted by *Heller . . . .*"); *Rahimi*, 602 U.S. at 690–91, 701–02 (same).  Those statements explain that *Bruen* and *Rahimi* are "'merely an application' of an existing right or principle."  *Hopkins*, 920 F.3d at 698 (quoting *Chaidez*, 568 U.S. at 348).  And *Heller* "exist[ed] at the time [Mr. Barragan-Gutierrez's] conviction became final."  *Id.*

Although many courts have considered the issue, Mr. Barragan-Gutierrez has not produced a single case holding that *Bruen* or *Rahimi* affirmatively recognized a new right applicable to his conduct.  To the contrary, most courts have concluded that "the Supreme Court [in *Bruen*] did not expressly indicate that it was announcing a new rule of constitutional law applicable to cases on collateral review."  *In re Williams*, No. 22-13997-B, 2022 WL 18912836 (11th Cir. Dec. 15, 2022) (unpublished);  *see, e.g.*, *Simmons v. United States,* No. 17-537, 2024 WL 837244, at *1 (M.D. Fla. Feb. 28, 2024); *Battle v. United States*, No. 23-3438, 2023 WL 6307515, at *1 (D.N.J. Sept. 28, 2023); *Parks v. United States,* No. 119-34, 2023 WL 4406026, at *2 (S.D. Ga. July 7, 2023), *report and recommendation adopted*, No. 119-34, 2023 WL 4915046 (S.D. Ga. Aug. 1, 2023); *Leonard v. United States*, No.

---

a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." (emphasis added)).

18-20743-2, 2023 WL 2456042, at *10 (S.D. Fla. Mar. 10, 2023), *aff'd*, No. 23-11722, 2025 WL 400041 (11th Cir. Feb. 5, 2025) (all rejecting post-*Bruen* § 2255(f)(3) petitions). As the district court below explained, "[t]here is no indication that the Supreme Court in *Bruen* recognized any new Second Amendment right in the context of criminality. Like *Heller* and *McDonald* before, that is something *Bruen* did not do." *Barragan-Gutierrez*, 668 F. Supp. 3d at 1234. Neither did *Rahimi*.

Mr. Barragan-Gutierrez, convicted of possessing a firearm in furtherance of a drug trafficking offense, bears little legal semblance to the individuals in *Bruen* and *Rahimi*—a law-abiding citizen seeking to own a defensive handgun, and a defendant pleading guilty to possessing a firearm while subject to a domestic violence restraining order, respectively. As in *Greer*, where the defendant claimed the Supreme Court recognized a new right under the sentencing guidelines, even though the Supreme Court case in question was interpreting the Armed Career Criminals Act, Mr. Barragan-Gutierrez "is attempting to apply the *reasoning* of [*Bruen* and *Rahimi*] in a different context not considered by the Court." *Greer*, 881 F.3d at 1248.

In sum, since the Supreme Court has not announced a new right that is applicable to Mr. Barragan-Gutierrez's crime of conviction, he is not eligible for § 2255(f)(3)'s renewed one-year statute of limitation. That provision is an exception to the normal time limitations of collateral challenges and only applies in "rare cases." *Prost v. Anderson*, 636 F.3d 578, 591 (10th Cir. 2011). This is not one of those cases. Mr. Barragan-Gutierrez's petition is time-barred.

12

### III.    Conclusion

We AFFIRM the dismissal of Mr. Barragan-Gutierrez's § 2255 motion to vacate his sentence.